**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GLACIER ELECTRIC
COOPERATIVE, INC.;

        Plaintiff-Appellant,

  v.

THE ESTATE OF SCOTT SHERBURNE,
RON BIRD, and HERB GILHAM,
Individually and on behalf of Glacier
Construction, Inc.;

        Defendants-Appellees.

No. 09-35216

D.C. No. CV-08-30-SEH

MEMORANDUM [*]

Appeal from the United States District Court
for the District of Montana
Sam E. Haddon, District Judge, Presiding

Argued and Submitted February 2, 2010
Seattle, Washington

Before: W. FLETCHER and RAWLINSON, Circuit Judges, and MOSMAN, [**]
District Judge.

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

    [**]    The Honorable Michael W. Mosman, District Judge for the District of
Oregon, sitting by designation.

Glacier Electric Cooperative ("GEC") appeals the district court's decision to grant summary judgment in favor of Appellees (collectively, "Glacier Construction"). At summary judgment, GEC argued that a tribal court judgment against GEC was void for lack of subject matter jurisdiction. In 1998, the issue of tribal subject matter jurisdiction was fully litigated in the district court during a different but related lawsuit between these same parties. Accordingly, the district court concluded that the doctrine of res judicata precluded GEC from relitigating the tribal court's subject matter jurisdiction in this proceeding.

Issue preclusion attached to the district court's 1998 decision. The issue of subject matter litigation was actually litigated in 1998, determined by a valid and final judgment on remand, and essential to judgment. *See, e.g.*, *Arizona v. California*, 530 U.S. 392, 414 (2000) (quoting Restatement (Second) of Judgments § 27, p. 250 (1982)); *Cooper v. Fed. Reserve Bank of Richmond*, 467 U.S. 867, 874 (1984). Even though the appeal of this case was ultimately resolved on grounds of due process, the determination of subject matter jurisdiction made by the district court was never disturbed. *See Wilson v. Marchington*, 127 F.3d 805, 811 (9th Cir. 1997) ("[T]he existence of subject matter jurisdiction is a threshold inquiry in virtually every federal examination of a tribal judgment.").

**AFFIRMED.**